IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| PERFORMANCE SPINE AND SPORTS | : | |
| MEDICINE OF NEWTOWN, LLC. | : | BANKR. NO. 21-10378 (MDC) |
| | : | |
| Debtor. | : | |

**DEBTOR, PERFORMANCE SPINE AND SPORTS MEDICINE OF NEWTOWN, LLC's MOTION FOR DETERMINATION OF BUSINESS CLASSIFICATION AND OMBUDSMAN APPOINTMENT**

The debtor, by and through its undersigned counsel hereby moves for a Court determination of whether this debtor is a healthcare business and, if so, whether a patient care ombudsman should be appointed in this case, said motion being based on the following:

1. Pursuant to 28 U.S.C. §586, the United States Trustee is responsible for the supervision and administration of all cases filed under Chapter 11 of the Bankruptcy Code. The United States Trustee has standing in this matter. 11 U.S.C. §307.

2. The debtor filed a petition for relief under Chapter 7 on February 16, 2021. The debtor filed its petition and did not check the box on the petition that it was a "Healthcare Business." On or about March 2, 2021 the debtor filed an amended Voluntary Petition which checked the box indicating it was a "Healthcare Business" even though the debtor contends that it does not meet the statutory definition of a healthcare business" under 11 USC §101 (27A) (A) and (B) and further contends that the appointment of an Ombudsman is not necessary.

3. Title 11 U.S.C. §333(a)(1) states:

(a)(1) "If the debtor in a case under Chapter 7, 9, or 11 is a healthcare business, the court shall order, not later than 30 days after the commencement of the case, the appointment of an ombudsman to monitor the quality of patient care and to represent the interests of the patient of the health care business unless the court finds that the appointment of such ombudsman is not necessary for the protection of patients under the specific facts of the case."

4. The debtor was engaged in providing medical services and pain management and ceased

operations on or about December 31, 2020. It is averred that the Debtor does not meet the definition of a "healthcare business" under 11 USC §101 (27A) (A) and (B) because the Debtor did not provide direct and ongoing contact with patients that provides shelter and sustenance along with medical treatment. In re Smiley Dental Arlington, PLLC, 503 B.R. 680, 686 (Bankr. N.D.TX 2013) citing, In re Banes, 355 B.R. at 535 quoting, In re 7-Hills Radiology, 350 B.R. at 904. "That is the almost inescapable conclusion one draws from the focus on institutions in which patients are housed and treated." In re 7-Hills Radiology, 350 B.R. at 905.

5. In the event this Court finds that the debtor is a healthcare business under 11 USC § 101 (27A) (A) and (B), an Ombudsman is not necessary for the following reasons: the debtor's business operations have ceased prior to the filing of the instant Chapter 7 matter, the patient's medical records are securely stored in electronic files and are available to the patients, there have been no patient complaints or allegations of malpractice within the past year, the Pennsylvania Department of Health exists to oversee the operations of the Debtor and the instant bankruptcy stems from loss of patients due to Covid-19 and not any deterioration in the quality of patient care.

**WHEREFORE**, based on the foregoing, the debtor avers that it is not a healthcare business under §101 (27A) (A) and (B) and the appointment of a medical ombudsman is not necessary in this matter.

Dated: March 2, 2021

*/s/Brad J. Sadek, Esquire*
BY: Brad J. Sadek, Esquire
Pa Bar No.: 90488
SADEK AND COOPER
1315 Walnut Street, Suite 502
Philadelphia, PA 19107