IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

PERFORMANCE SPINE AND SPORTS
MEDICINE OF NEWTOWN, LLC
  Debtor.

Chapter 7

Bankruptcy No. 21-10378 (MDC)

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is made this ___ day of July, 2021, by and between Bank of America, N.A. ("BofA") and Robert H. Holber, as Chapter 7 Trustee (the "Trustee" and together with BofA, the "Parties") for the above-captioned case, Performance Spine and Sports Medicine of Newtown, LLC, Case Number 21-10378 (MDC) (the "Debtor"), pending in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court").

## RECITALS

**WHEREAS,** on February 16, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS,** thereafter the Office of the United States Trustee appointed Robert H. Holber as the Chapter 7 Trustee of the Debtor's estate.

**WHEREAS,** the Trustee, along with his professionals, have reviewed the records of the Debtor and determined that there is a basis for the filing of an adversary proceeding against BofA asserting that BofA received transfers of property of the Debtor totaling $25,381.16 (the "Transfers") subject to avoidance and recovery pursuant to 11 U.S.C. §§ 547,548,549,502,550 and 553; and

**WHEREAS,** BofA has asserted various defenses arguing that the Transfers are not recoverable, and the Trustee has reviewed those defenses and has raised certain objections thereto;

**WHEREAS,** in order to avoid the costs and risks of further litigation, the Parties have agreed to resolve their disputes on the terms and subject to the conditions set forth in this Settlement Agreement; and

**NOW, THEREFORE,** in consideration of the foregoing recitals and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1. The recitals set forth above are incorporated herein by reference.

2. In accordance with the terms of the Settlement Agreement, BofA shall pay the Trustee a sum of $20,117.16 (the "Settlement Sum") in full and final settlement and satisfaction of all claims asserted against BofA with regard to the Transfers.

3. Upon execution of the Settlement Agreement by BofA, BofA shall deliver the executed Settlement Agreement to the Trustee. Upon receipt of the Settlement Agreement executed by BofA, the Trustee shall countersign the Settlement Agreement and return a fully-executed copy of the Settlement Agreement to BofA. Within **thirty (30) business days** of BofAs' receipt of the fully-executed Settlement Agreement and if required by BofA, a W-9 Form from the Trustee (the "Payment Deadline"), BofA shall cause the Settlement Sum to be paid by the delivery of a check made payable to the order of "Robert H. Holber, Chapter 7 Trustee of Performance Spine and Sports Medicine of Newtown, LLC" which check shall be delivered to the Trustee at the Law Office of Robert H. Holber, P.C., 41 East Front Street, Media, PA 19063.

4. The effective date of this Settlement Agreement will be the date the Trustee receives the Settlement Sum in good funds under the terms set forth in paragraphs 2 and 3 herein

(the "Effective Date").

5. If the Bankruptcy Court does not approve the Settlement Agreement, (i) the Parties will revert to the status quo ante, (ii) the Settlement Agreement will be null and void, and (iii) the Trustee shall return the Settlement Sum to BofA within **thirty (30) business days** of the Bankruptcy Court's Order declining to approve the Settlement Agreement.

6. The Parties understand and acknowledge that the Settlement Agreement becomes final and binding upon the Parties upon execution by all Parties and approval by the Bankruptcy Court.

7. Neither the terms nor statements contained in the Settlement Agreement, nor correspondence related to the negotiation, drafting or approval of the Settlement Agreement shall be argued nor deemed to be an admission against any Party's interest in any litigation by and between the Parties.

8. Except as otherwise provided herein, upon the Effective Date, the Trustee, for himself and for the Debtor and its respective partners, employees, members, agents, insurers, parent companies, subsidiaries, affiliates, predecessors, transferees, successors, assigns, attorneys, and bankruptcy estates, and any other person or entity claiming by or through them (collectively, the **"Releasing Parties"**) remise, release and forever discharge BofA, together with its current and former (a) parent corporations; (b) direct and indirect subsidiaries; (c) brother and sister corporations; (d) divisions; (e) owners; (f) officers, directors, employees, agents, representatives, and affiliates, and each of their respective successors and assigns (the **"Released Parties"**) from and against any and all claims, demands, suits, obligations, accounts,

reckonings, bills, invoices, applications for payment, liens and all other obligations of any nature whatsoever, whether arising under state, federal, or local law, common law, contract, tort, bankruptcy, or in equity, which the Releasing Parties have or ever had against the Released Parties **relating to the Transfers**, whether such are known or unknown, discovered or undiscovered, asserted or unasserted, anticipated or unanticipated, direct or indirect, contingent or fixed.

9. Except as otherwise provided herein, upon the Effective Date, BofA and its affiliates and subsidiaries remise, release and forever discharge the Trustee, the Debtor and its bankruptcy estate from and against any and all claims, demands, suits, obligations, accounts, reckonings, bills, invoices, applications for payment, liens and all other obligations **relating to the Transfers**; provided, however, the foregoing release shall not apply to any claims asserted by BofA against the Debtor and its estate in a timely filed proof of claim (other than a claim under 11 U.S.C. § 502(h)).

10. Each Party represents that it owns and has not assigned or otherwise transferred to any other person or entity any of such Party's rights and claims as are being altered or otherwise affected by the Settlement Agreement. Each Party further represents and warrants that it is duly authorized and empowered to enter into this Settlement Agreement with respect to the matters set forth herein.

11. Each person signing the Settlement Agreement represents and warrants that he or she has been duly authorized and has the requisite authority and power to execute and deliver the Settlement Agreement.

12. The Parties represent and acknowledge that, in executing the Settlement Agreement, they do not rely, and have not relied, upon any representation or statement made by

any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of the Settlement Agreement or otherwise, other than as specifically stated in the Settlement Agreement. The Parties further declare that, in making the Settlement Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider the Settlement Agreement.

13. The Parties agree that each has reviewed the Settlement Agreement and fully understands and voluntarily accepts all the provisions contained in the Settlement Agreement. The Parties further agree that the Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of the Settlement Agreement.

14. The language of all parts of the Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

15. Should any provision of the Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of the Settlement Agreement.

16. The Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

17. No modification of the Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

18. The Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

19. The Settlement Agreement shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the Commonwealth of Pennsylvania, without regard to whether a conflict with the laws of the Commonwealth of Pennsylvania is present. Each of the Parties hereby irrevocably consents to the jurisdiction of the United States Bankruptcy Court for the Eastern District of Pennsylvania with respect to any action to enforce the terms and provisions of the Settlement Agreement and expressly waives any right to commence any such action in any other forum solely related to the Settlement Agreement.

20. The Settlement Agreement may be executed by one Party with a counterpart being transmitted by facsimile or e-mail attachment and then printed, executed, and returned in the same manner by the other Party. Any printed version resulting therefrom with each Party's signature contained on a counterpart of the Settlement Agreement shall be deemed an original Settlement Agreement and signature of each Party.

_____
Robert H. Holber, Esquire
Law Office of Robert H. Holber, P.C.
41 East Front Street
Media, PA 19063
Tel: 610-565-5463
*Counsel for the Chapter 7 Trustee*

Dated: 7/8/21

_____
Bank of America, N.A.
[Insert Name] Jeffrey Randall
[Insert Address] 1101 Redmont Parkway, Greensboro NC 27410
[Insert Phone] 949-202-1161
[*Insert Title*] Assistant Vice President

Dated: 7-7-21